**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00521-REB-BNB

LARRY L. HACKETT and
LINDA S. HACKETT,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

**ORDER DENYING MOTION TO DISMISS CLAIMS OF
PLAINTIFF LINDA S. HACKETT**

**Blackburn, J.**

The matter before me is defendant's **Motion to Dismiss Claims of Plaintiff Linda S. Hackett** [#9], filed March 29, 2006. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994).

### III. ANALYSIS

On April 9, 2004, plaintiff Larry Hackett suffered severe injuries when his car was struck head-on by another vehicle.  At the time of the accident, plaintiff and his wife, plaintiff Linda Hackett, were covered by two insurance policies, both issued by defendant Allstate Insurance Company: an auto insurance policy, which included uninsured/underinsured motorist ("UM") coverage limits of $100,000 per person and $300,000 per accident, and an umbrella policy which provided $1,000,000 in excess of the limits of the auto policy.  The other driver's insurance company agreed that its insured was at fault in the accident and payed plaintiffs the liability coverage limit of $100,000 available under the its policy of insurance.  Because plaintiffs' damages are alleged to greatly exceed this sum, they claim that the other driver was underinsured and thus sought UM benefits of $1,000,000 under their umbrella policy.  Defendant denied this claim, stating that the umbrella policy did not provide excess UM coverage. Plaintiffs then filed the instant action, in which they allege that defendant is liable for negligence, breach of contract, and bad faith for failing to offer plaintiffs UM coverage under the umbrella policy and/or for failing to inform them that the policy did not include

such benefits. They seek reformation of the policy to include such coverage.[1]

Defendant now moves to dismiss Mrs. Hackett's claims, arguing that her request for damages due to loss of consortium is not cognizable under any of the contractual theories pleaded. This argument is correct, as far as it goes. In general, loss of consortium damages are derivative of a spouse's personal injury claims, and cannot arise out of a mere breach of contract. ***Covert v. The Allen Group, Inc.***, 597 F.Supp. 1268, 1270 (D. Colo. 1984). However, the complaint alleges that plaintiffs' claim against the umbrella policy included, *inter alia*, a claim for loss of consortium damages, which allegedly were "payable under [UM] provisions and coverage which should have been provided in the Umbrella Policy or otherwise by Defendant Allstate." (Complaint at 3, ¶ 13.) Giving the complaint the broad reading to which it is entitled at this stage, it thus appears that plaintiffs are alleging that the contract of insurance itself should have provided benefits for loss of consortium. I cannot say that plaintiffs could prove no set of facts under which it could not be shown that the parties agreed for the provision of such benefits as part of the contract of insurance. I therefore deny the motion to dismiss on that basis.

Defendant's remaining arguments fare no better. Although defendant argues that Mrs. Hackett has no standing to assert breach of contract and bad faith claims because she was not a party to the contract, because it proffers no copy of the policy to prove up the premise of that argument, I cannot say that Mrs. Hackett's claims are subject to dismissal on that ground. Nor does plaintiffs' claim based on the inclusion in the policy of coverage for which they did not contract fail to state a cognizable claim for

---

[1] In addition, plaintiffs claim that defendant charged them premiums under the umbrella policy for coverages they did not request or require and failed promptly to respond to their request for copies of the policy.

relief. Defendant's apparent incredulity that this claim could give rise to the emotional and mental distress damages plaintiffs seek provides no ground for dismissing that claim at this juncture.[2]

**THEREFORE, IT IS ORDERED** that defendant's **Motion to Dismiss Claims of Plaintiff Linda S. Hackett** [#9], filed March 29, 2006, is **DENIED**.

Dated July 10, 2006, at Denver, Colorado.

                **BY THE COURT:**

                s/ Robert E. Blackburn
                **Robert E. Blackburn**
                **United States District Judge**

---

[2] Moreover, defendant's argument that the economic loss associated with such claim would fail to meet the minimum amount in controversy ignores plainly settled law that all the plaintiff's claims are to be aggregated in determining whether federal diversity jurisdiction is proper. *Alberty v. Western Surety. Co.*, 249 F.2d 537, 538 (10th Cir. 1957). As it removed this case from state district court, defendant clearly thought this threshold was satisfied.