IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00521-REB-BNB

LARRY L. HACKETT, and
LINDA S. HACKETT,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, Plaintiffs Larry L. Hackett and Linda S. Hackett and Defendant Allstate Insurance Company stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Protective Order with respect to disclosure of information, documents, or things in this litigation:

**A.     Confidential Information.**

As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that a party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Paragraphs A.1-4 below.

      1.     A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party.  Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Receiving Party"), its attorneys, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

      2.     In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

      3.     To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or, within twenty (20) business days after the deposition transcript is

delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the twenty-day period. The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

      4.      Documents, testimony, evidence, and other matters may be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter constitutes a trade secret or other confidential research, development, or commercial information, as defined by Fed. R. Civ. P. 26(c)(7); or confidential medical or financial information of an individual.

      5.      Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

      a.      is, at the time of disclosure by the Designating Party, already in the possession of the Receiving Party, was not acquired from the Designating Party, and has previously been released or produced by the Designating Party without a "Confidential" designation; or

    b. has been made available to the Receiving Party, other than through the discovery process, by a third-party who obtained the same by legal means without any obligation of confidence to the Designating Party.

  **B.** **Disclosure and Use of Confidential Information**

    1. CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

    a. the attorneys for the Receiving Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

    b. the Receiving Party and officers, directors and/or employees of the Receiving Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

    c. court reporters, court officials, and the jury involved in this litigation;

    d. experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed an Agreement in the form attached as Exhibit A; and

    e. any other non-party witnesses or deponents who have executed an Agreement attached as Exhibit A or who have been given a copy of and agree on the record to abide by the Stipulated Protective Order.

    2. CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no

other purposes, including any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in Paragraphs B.1.d-e above, unless the party disclosing information to that person determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.

3. Any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Stipulated Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION. Counsel for the Parties shall maintain the originals of signed Agreements for a period of six (6) years from the date of the signing of the Agreement.

4. CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

5. ~~If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons beyond those included in Paragraph B.1 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed an Agreement in the form attached as Exhibit A, unless the Court rules otherwise.~~

      6.      Use in Depositions.  Material designated as CONFIDENTIAL may be used at a deposition if:

      a.      the counsel for the party using such material advises the witness of the terms of this Stipulated Protective Order, provides a copy to the witness, and the witness agrees on the record to maintain the confidentiality of the material; or

      b.      the witness executes an Agreement attached as Exhibit A to this Stipulated Protective Order.

If the witness refuses to agree to either be bound by the Stipulated Protective Order on the record or to execute Exhibit A, then the party seeking to use such CONFIDENTIAL INFORMATION at that witness' deposition must obtain leave from the Court before disclosing the material to the witness.

      7.      Use in Briefs and as Exhibits.  If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with D.C.COLO.LCivR **7.2 and** 7.3, ~~in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal,"~~ in compliance with all applicable local rules and court procedures.

### C.     No Waiver.

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Stipulated Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

### D.     Application of this Stipulated Protective Order.

This Stipulated Protective Order shall apply to all discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.  Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

### E.     Confidentiality Challenge.

A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and shall specify the basis for the objection.  All objections must be made in good

7

faith.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion.  If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

     **F.**    **Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Stipulated Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this

Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. The parties may request special procedures or in camera treatment.

### G. Specific Disclosure.

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Stipulated Protective Order regarding other uses of that CONFIDENTIAL INFORMATION. The Designating Party may refuse to agree to specific disclosure of its CONFIDENTIAL INFORMATION.

### H. Modification.

This Stipulated Protective Order may be modified only by Order of the Court ~~or by written agreement of the parties.~~

### I. Non-Parties.

A non-party who produces any information, documents or things in this litigation that it wishes to be treated as CONFIDENTIAL may become a party to the Stipulated Protective Order, by signing a copy of the Stipulated Protective Order and giving prompt notice to all other parties in this case. Signing the Stipulated Protective Order shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a Party. A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this litigation pursuant to the terms of this Stipulated Protective Order. If a non-party serves a Party with a

subpoena or request for production seeking Confidential Information produced to that Party by a Designating Party, the Party in receipt of the subpoena or request for production will notify the Designating Party within five (5) business days of the receipt of the subpoena to allow the Designating Party a reasonable opportunity to intervene to oppose such production.

### J.     Maintenance of Confidential Information.

CONFIDENTIAL INFORMATION provided to a Receiving Party shall be securely maintained in the offices of that party's outside counsel.  Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information.

### K.     Return or Destruction of Confidential Information.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within (30) days of a written request from the Designating Party, which notice shall be given within (30) days after said final disposition of this case, except that counsel may retain one copy of such CONFIDENTIAL INFORMATION to maintain a complete file.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for the party disclosing CONFIDENTIAL

INFORMATION to an individual included within Paragraphs B.1.d-e shall provide written notice to that individual of the final disposition of the case and shall ask that individual to execute an affidavit, attached as Exhibit B, within thirty (20) business days following the final resolution of this action.  In response to such a request, individuals included under Paragraphs B.1.d-e shall execute an affidavit, attached as Exhibit B, and shall return the executed affidavit to counsel as requested.

DATED February 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

AGREED:

| | |
|---|---|
| *s/ Henry A. Sand* | *s/Marian L. Carlson* |
| Henry A. Sand | Marian L. Carlson |
| Craig D. Johnson & Associates, P.C. | Wheeler Trigg Kennedy LLP |
| 8 Garden Center | 1801 California St., Suite 3600 |
| Broomfield, CO 80020 | Denver, CO 80202 |
| Telephone: (303) 466-2335 | Telephone: (303) 244-1800 |
| Email: hsand@cdjlaw.com | Email: carlson@wtklaw.com |
| | |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-521-REB-BNB

LARRY L. HACKETT and LINDA S. HACKETT,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

    The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2007 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

    The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

A - 2

Employer: _____

Business Address: _____

_____

_____


Date: _____          _____
                                                    Signature

A - 2

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-521-REB-BNB

LARRY L. HACKETT and LINDA S. HACKETT,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

**AFFIDAVIT OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**

---

STATE OF COLORADO   )
                                ) ss.
COUNTY OF _____   )

    I, _____, being first duly sworn, depose and state as follows:

    During the course of this civil action, I received Confidential Information, as that term is defined in the Stipulated Protective Order entered by the Court dated _____, 2006, from _____.

    I certify that I have either returned all Confidential Information produced by _____ to that party's counsel of record in this action, or destroyed all Confidential Information that was produced by that party and is in my possession,

custody, or control. The return or destruction of such Confidential Information includes, but is not limited to, any copies; extracts; summaries that have been prepared by me, counsel representing me or my employer in this litigation, and/or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, and floppy diskettes; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

Except in accordance with the above-referenced Stipulated Protective Order, I have not either personally or through any representatives or entities retained or maintained any other party's Confidential Information, including but not limited to, any copies; extracts; summaries that have been prepared by me, counsel representing me or my employer in this litigation, and/or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, and floppy diskettes; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

I have sent the original of this affidavit, via facsimile and U.S. mail, to each Party that has produced Confidential Information to me during the pendency of this action, within thirty (30) business days of the final resolution of this lawsuit.

_____

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this \_\_\_\_ day of _____, 200\_\_ by _____.

[ S E A L ]

_____
Notary Public

My Commission Expires:_____

433584v.1

B - 3