IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00521-REB-BNB

LARRY L. HACKETT and
LINDA S. HACKETT,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) **Plaintiffs' Motion For Partial Summary Judgment** [#26], filed August 30, 2006; and (2) **Defendant Allstate Insurance Company's Motion For Summary Judgment** [#39], filed November 2, 2006. I grant defendant's motion and deny plaintiffs' motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party.

***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. ***See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works***, 36 F.3d at 1518.[1] All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999); ***Nutting v.***

---

[1] However, the fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper. ***See Atlantic Richfield Co. v. Farm Credit Bank of Wichita***, 226 F.3d 1138, 1148 (10th Cir. 2000); ***James Barlow Family Ltd. Partnership v. David M. Munson, Inc.***, 132 F.3d 1316, 1319 (10th Cir. 1997); ***see also Buell Cabinet Co. v. Sudduth***, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

***RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

On April 9, 2004, plaintiff Larry Hackett suffered severe injuries in a head-on collision with another vehicle.  At the time of the accident, plaintiffs held an auto insurance policy issued by defendant Allstate Insurance Company. The policy included uninsured/underinsured motorist ("UM") coverage limits of $100,000 per person and $300,000 per accident, as well as an umbrella policy, which provided $1,000,000 in excess coverage.  The other driver's insurance company payed plaintiffs the $100,000 the liability coverage limit of its policy.  Plaintiffs then requested $1,000,000 in UM benefits from defendant under the umbrella policy.  Defendant denied the claim on the ground that the umbrella policy did not provide UM coverage.  This lawsuit followed, in which plaintiffs claim that the umbrella policy should be reformed to include UM benefits.  They also assert claims for breach of contract, bad faith breach of contract, and negligence.  Plaintiffs have moved for partial summary judgment as to their reformation and bad faith claims.  Defendant has requested summary judgment as to all claims and causes of action asserted.

The fundamental question presented in this lawsuit is whether the umbrella policy was required by law to include UM coverage.  Although this is an issue of first impression in Colorado, I nevertheless am not totally without guidance in analyzing it. Numerous other courts have grappled with this same question under their own states' UM insurance laws.  For the most part, resolution of the issue hinges on whether the UM statute under consideration is a "minimum liability" statute or, alternatively, a "full

coverage" statute.[2]  *See generally* I. SCHERMER & W. SCHERMER , 2 **AUTOMOBILE LIABILITY INSURANCE** § 19.4 (4th ed. 2006).  A minimum liability statute is one which requires only that the policy contain a statutorily mandated minimum amount of liability coverage.  Where such statutes are operative, courts have held that UM coverage is not applicable to umbrella policies.  *See, e.g.*, ***O'Hanlon v. Hartford Accident & Indemnity Co.***, 639 F.2d 1019, 1026-27 (3rd Cir. 1981); ***Continental Insurance Co. v. Howe***, 488 So.2d 917, 919 (Fla. App. 1986) (construing Rhode Island law); ***Hartbarger v. Country Mutual Insurance Co.***, 437 N.E.2d 691, 693-94 (Ill. App. 1982).  Full recovery statutes, by contrast, require UM coverage in an amount equal to the liability limits of the policy itself.  Under these statutes, courts have found that UM coverage must be read into umbrella policies.  *See, e.g.*, ***United National Insurance Co. v. DePrizio***, 705 N.E.2d 455, 462 & n. 15 (Ind. 1999) (citing cases); ***5Isenhour v. Universal Underwriters Insurance Co.***, 461 S.E.2d 317, 321-22 (N.C. 1995); ***Bartee v. R.T.C. Transportation, Inc.***, 781 P.2d 1084, 1094 (Kan. 1989) (construing superseded version of Kansas statute); ***Southern American Insurance v. Dobson***, 441 So.2d 1185, 1190-91 (La. 1983).  The distinction has been explained thus:

> The rationale for opting umbrella policies out of uninsured motorist coverage is that the statute is intended to protect injured motorists by insuring that they will be able to recover an amount equivalent to what would have been available if they had been injured by a driver who maintained the minimum statutory coverage.  The injured motorist is already protected by, and will be able to recover the minimum statutory limits from, the primary policy. An umbrella policy is supplementary insurance. Public policy is not furthered by requiring an umbrella policy insurer to provide uninsured

---

[2] Several courts have taken an alternate path, relying on the distinctive nature of umbrella policies in finding that UM coverage is excluded from their purview.  *See **Rowe v. Travelers Indemnity Co.***, 800 P.2d 157, 159-60 (Mont. 1990) (citing cases); ***Trinity Universal Insurance Co. v. Metzger***, 360 So.2d 960, 961-62 (Ala. 1978).

4

> motorist coverage.
>
> . . . . However, [full coverage statutes] . . . require[] a liability insurer to provide uninsured motorist coverage in "not less than the limits of bodily injury liability insurance." The policy underlying the statute is to allow full recovery under the terms of any applicable policies when a person is injured by an uninsured motorist.

*Howe*, 488 So.2d at 919-20.

Colorado's UM statute falls squarely under the minimum coverage rubric. It provides, in relevant part:

> No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state *unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42-7-103(2), C.R.S.,* under provisions approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

§ 10-4–609(1)(a), C.R.S. (emphasis added). This statute ties UM coverage limits to minimum required levels specified by Colorado's Motor Vehicle Financial Responsibility Act, §§ 42-7-101-42-7-609, C.R.S., rather than to the liability limits of the insured's own policy. Given that conclusion, I believe that the Colorado state courts, if presented with this issue, would conclude that an umbrella policy issued in Colorado need not include UM coverage.

It appears plaintiffs may be operating under the impression that, because Colorado's UM statute further requires that insureds must be offered the opportunity to

5

purchase additional insurance up to the bodily injury liability limits of the policy or $100,000 per person and $300,000 per accident, whichever is less, the Colorado statute is a full coverage statute.  **See** §10-4-609(2), C.R.S.  This argument confuses two separate issues.  Although section 10-4-609(2) requires the insurer to offer higher limits of UM coverage, the insured is not required to maintain coverage higher than that prescribed under section 10-4-609(1).  ***Arguello v. State Farm Mutual Automobile Insurance Co.***, 599 P.2d 266, 268 (Colo. App. 1979) ("So long as a policy assures payment of the statutory minimum, a limitation is not repugnant to the statute.").  The fact that the insured can reject even the minimum level of UM coverage all together lends further credence to the conclusion that Colorado's UM statute is a minimum recovery statute.  ***See Alliance Mutual Casualty Co. v. Duerson***, 518 P.2d 1177, 1180 (Colo. 1974) ("Had the legislature intended full indemnification it would not have granted the option of totally rejecting the uninsured motorist coverage.").

Therefore, defendant's motion for summary judgment as to plaintiffs' claim for reformation must be granted.  Plaintiffs' claims for breach of contract and negligence, which are premised on the notion that the umbrella policy was required to include UM coverage, as well as their claim for bad faith breach of insurance contract, insofar as it is based on the alleged failure to offer or provide UM coverage under the umbrella policy, fall along with the reformation claim.[3]  Defendant is entitled to summary judgment as to these claims as well.

This leaves only plaintiffs' claim that defendant is liable for bad faith for including in the umbrella policy an aircraft coverage endorsement and for failing to respond

---

[3] To the extent plaintiffs intend to assert a loss of consortium claim on behalf of Linda Hackett, the claim also fails in light of my conclusions in this regard.

6

promptly to plaintiffs' requests for documents.  Defendant is entitled to summary judgment as to these claims as well.  As to the former, plaintiffs have presented no evidence suggesting either that the erroneous inclusion of the endorsement in the umbrella policy was anything more than a clerical error or, moreover, that its inclusion in the policy caused them any damages whatsoever.  As to the latter, no reasonable jury could find, based on the "Timeline of Events" set forth by plaintiffs (*see* Plf. Resp. to Def. Motion App., Exh. A at 2-3), that defendant acted unreasonably in responding to plaintiffs' requests.  **See Pham v. State Farm Mutual Automobile Insurance Co.**, 70 P.3d 567, 572 (Colo. App. 2003).

    **THEREFORE, IT IS ORDERED** as follows:

    1.  That **Plaintiffs' Motion For Partial Summary Judgment** [#26], filed August 30, 2006, is **DENIED**;

    2.  That **Defendant Allstate Insurance Company's Motion For Summary Judgment** [#39], filed November 2, 2006, is **GRANTED**;

    3.  That all claims and causes of action asserted by plaintiffs in this lawsuit are **DISMISSED WITH PREJUDICE**;

    4.  That judgment **SHALL ENTER** on behalf of defendant, Allstate Insurance Company, and against plaintiffs, Larry L. Hackett and Linda S. Hackett;

    5.  That the Trial Preparation Conference, currently scheduled for Friday, August 31, 2007, at 9:00 a.m., as well as the trial, currently scheduled to commence on Monday, September 17, 2007, are **VACATED**;

    6.  That **Plaintiffs' Motion *In Limine* to Exclude "Expert" Testimony on the Law** [#33], filed October 5, 2006, is **DENIED AS MOOT**; and

7. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 6, 2007, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**